| | |
|---|---|
| DISTRICT COURT<br>CITY & COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202 | |
| **Plaintiff(s):** STACY SUMMERS, on behalf of herself and all similarly situated persons,,<br>v.<br>**Defendant(s):** TEXAS DE BRAZIL (DENVER) CORPORATION, a Colorado corporation. | ▲ **COURT USE ONLY** ▲ |
| | Case Number: 09CV3147<br>Courtroom: 368 |
| **ORDER RE: DEFENDANT'S 12(b)(5) MOTION TO DISMISS** | |

THIS MATTER comes before the Court on Defendant Texas De Brazil Corporation's ("TDB") Motion to Dismiss Pursuant to C.R.C.P. 12(b)(5) filed on March 6, 2009, to which Plaintiff Stacy Summers ("Summers") filed a Response on January 6, 2010 and TDB filed a Reply on January 25, 2010. The Court, being fully advised in the premises herein, Finds and Orders as follows:

## BACKGROUND

Plaintiff Summers is a former employee of Defendant TDB, a Colorado Corporation. (Pl. Compl. ¶ 2, Mar. 26, 2009.) Plaintiff alleges that TDB withheld her tips- and those of other employees- to pay credit card processing fees and restaurant expenses. (Pl. Compl. ¶ 9.) In addition, Plaintiff alleges that TDB failed to make, keep and preserve employee records as required by Colorado law. (Pl. Compl. ¶ 14.) Plaintiff asserts that Defendant's actions violate Colorado employment statutes and result in TDB being liable to its employees for paying a sub-minimum wage, denying overtime pay and improperly diverting tips. (Pl. Compl. ¶¶ 9-13.) Plaintiff filed her complaint in the Denver District Court on March 26, 2009. She brings this action on behalf of herself and on behalf of a Class for which Plaintiff seeks certification under C.R.C.P. 23. (Pl. Compl. ¶¶ 15-16.)

## STANDARD OF REVIEW

Motions to dismiss under C.R.C.P. 12(b)(5) are viewed with disfavor. *Davidson v. Dill*, 503 P.2d 157 (Colo. 1972). The function of the complaint is to give the defendant notice of the transaction or occurrence that is the subject of plaintiff's lawsuit. *Public Service Co. of Colorado v. Van Wyk*, 27 P.3d 377, 385 (Colo. 2001). Courts must accept as true all material facts alleged by the plaintiff and draw all inferences in plaintiff's favor. *State v. Medina*, 35 P.3d 443, 452 (Colo. 2001); *Kreft v. Adolph Coors Co.*, 170 P.3d 854, 857 (Colo. App. 2007); *Edge Telecom,*

1

*Inc. v. Sterling Bank*, 143 P.3d 1155, 1160 (Colo. App. 2006). A motion to dismiss may not be granted unless it is clear, construing the complaint in favor of the plaintiff, that there is no set of facts that the plaintiff can prove under which it would be entitled to judgment. In assessing the viability of a complaint, all doubts must be resolved against the defendant. *Walsenburg Sand & Gravel Co., Inc. v. City Council of Walsenburg*, 160 P.3d 297 (Colo. Ct. App. 2007); *McKenna v. Oliver*, 159 P.3d 697 (Colo. App. 2006); *Walker v. Van Laningham*, 148 P.3d 391 (Colo. App. 2006).

## DISCUSSION

Defendant moves to dismiss Plaintiff's complaint under C.R.C.P. 12(b)(5) asserting that Plaintiff lacks standing individually and to represent a C.R.C.P. 23 class for claims under the Colorado Wage Claim Act ("CWCA"), C.R.S. §8-4-101, *et seq.*, the Minimum Wage Act ("CMWA"), C.R.S. § 8-6-101, *et seq*, and the Federal Labor Standards Act of 1939, 29 U.S.C.A. § 201, *et seq*. The Defendant contends that the Plaintiff failed to send it a demand letter and was ultimately fully compensated by a check it issued to her on April 6, 2009, which she cashed. Therefore, Defendant asserts she has no injury of a legally protected interest and no claim for relief under the acts.

In her Response to Defendant's motion, Plaintiff voluntarily withdraws her claims for unjust enrichment and injunction relief. (Pl. Resp. 8 Jan. 6, 2010.) Consequently, Plaintiff seeks the following relief "as provided by law": (1) "compensatory damages, attorneys' fees and litigation expenses"; (2) "liquidated damages and/or statutory penalties"; and (3) "pre-judgment, post-judgment and moratory interest." (Pl. Compl. 6.) Plaintiff cites no specific authority in her Complaint under which she seeks these remedies except for the CMWA and the CWCA. The Court finds that the Plaintiff has standing to pursue her claim for unpaid wages individually and as a class representative under the acts because her complaint alleges sufficient injury-in-fact to a legally protected interest. The Court makes no determination here that any of the prerequisites or other requirements of C.R.C.P. 23 have been met.

To determine whether a plaintiff has standing to bring a claim, a court must ascertain "(1) whether the party seeking judicial relief has alleged an actual injury from the challenged action; and (2) whether the injury is to a legally protected or cognizable interest" based on constitutional, statutory, or other recognized sources. *O'Bryant v. Public Utilities Comm'n*, 778 P.2d 648, 652 (Colo. 1989).

### I. Plaintiff's first claim under the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq*.

Defendant alleges Plaintiff lacks standing under the Colorado Minimum Wage Act because she does not allege sufficient damages under the Act. The Court finds that the Plaintiff has an injury –in-fact to a legally protected interest under the CMWA.

2

Payment of less than minimum wage established by the director to any employee covered under the CWMA is unlawful. C.R.S. § 8-6-116. An employee receiving less than the minimum wage established by the director for the employee's industry may recover the unpaid balance in a civil action, together with costs of the lawsuit, notwithstanding any agreement to work for a lesser wage. C.R.S. § 8-6-118; *See* 7 C.C.R. 1103-1 § 18.

Wage Order No. 27 regulates wages, hours, and working conditions and procedures for the retail and service industry. Except with respect to recovery of wages, the Colorado Division of Labor ("CDOL") has jurisdiction over all questions of fact arising with respect to the administration and interpretation of the wage order. 7 C.C.R. 1103-1 § 13. Employers of "tipped employees" must pay a cash wage of at least $4.34 per hour if they claim a tip credit against their minimum hourly wage obligation. 7 C.C.R. 1103-1:3 (2010). A deduction of credit card processing fees from tipped employees shall nullify allowable tip credits towards the minimum wage authorized in section 3(c). 7 C.C.R. 1103-1:2 (2010). Plaintiff alleges in her complaint that TDB violated state law by taking a "tip credit" and calculating premium pay based on the "server minimum" wage while it was also deducting credit card processing fees and other restaurant expenses from employees' tips. (Pl. Compl. ¶¶ 7-11.) Plaintiff alleges that she is entitled to full minimum wage rather than the server minimum because TDB diverted tips improperly. (Pl. Compl. ¶ 10-11.)

In addition, Plaintiff alleges that TDB deprived her of overtime pay for her hours worked because it calculated her overtime pay based on the "server minimum" rather than regular minimum wage of non-tipped employees. (Pl. Compl. ¶¶ 12-13.) 7 C.C.R. 1103-1:4 provides that "employees shall be paid time and one-half of the regular rate of pay for any work in excess of: (1) forty (40) hours per work week; (2) twelve (12) hours per workday or (3) twelve (12) consecutive hours without regard to the starting and ending time of the workday…"

Although Defendant alleges that it paid Plaintiff all of the wages she is owed, it did not clearly articulate which minimum wage standard it used to arrive at the final amount due. Defendant cites no authority to support its assertion that the MWA provides no private right of action when the wages paid to the employee are in dispute. TDB merely states that it conferred with the CDOL to compensate the Plaintiff in response to the Complaint Plaintiff filed with the Division pursuant to the CMWA. C.R.S. §8-6-119 allows any person to file a complaint with the Division when "the wages paid to an employee for whom a rate has been established are less than that rate and the director shall investigate the matter and take all proceedings necessary to enforce the payment of the minimum wage rate."

C.R.S. § 8-6-118 gives Plaintiff a private right of action to collect any unpaid balance of compensation if she is receives less than minimum wage from her employment "notwithstanding any agreement to work for a lesser wage." Plaintiff alleges that the amount owed to her is in dispute, even though she cashed the check issued to her by TDB on April 6, 2009. The Court

3

does not find the fact that Plaintiff cashed the April 6, 2009 check dispositive because it is possible for the Plaintiff to establish evidence of TDB's conduct that entitles her to full minimum wage. She may also be able to establish that the April 6, 2009 check represents compensation under server minimum wage, resulting in her receiving less than the minimum wage and overtime compensation she is entitled. Construing the facts in a light most favorable to the Plaintiff, Defendant's Motion to Dismiss is DENIED with regard to Plaintiff's first claim of relief under the CMWA because it states a claim upon which relief may be granted.

II. **Plaintiff's second claim under the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.***

*a. Claim for Unpaid Wages*

Defendant asserts that Plaintiff has been fully compensated by the April 6, 2009 check for the amount she was due from TDB's alleged violations and therefore has no standing under the CWCA. The Court finds that Plaintiff has an injury-in-fact to a legally protected interest under the CWCA.

The Colorado Wage Claim Act is designed to require employers to pay their employees' wages in a timely manner. C.R.S. § 8-4-103. The policy behind this act is to allow employees a remedy in a local jurisdiction to sue their employer for untimely wages. *Morris v. Towers Fin. Corp.*, 916 P.2d 678 (Colo. App. 1996). Any person claiming a violation of the Act has the right to bring a civil action and may bring suit without first exhausting administrative remedies. C.R.S. § 8-4-110(2).

Plaintiff asserts, among other violations, that Defendant improperly diverted employee tips by using them to pay credit card fees and restaurant expenses. Tips, gratuities and other presents to employees are the sole property of the employee unless the employer posts a conspicuous notice to the public of a designated size that such tips belong to the employer. *See* C.R.S. § 8-4-103(6).

Pursuant to C.R.S. §8-4-121, employees may not waive their rights to employment compensation and any agreement purporting to waive or modify those rights is void. For the reasons articulated in section I of this Order, the Court does not consider Plaintiff's acceptance of the check issued by TDB on April 6, 2009 as a release, waiver or accord and satisfaction for unpaid wages because these claims cannot be waived under the CWCA. Similar to Plaintiff's claim under CMWA, the Court finds that there are facts in dispute over the amount of compensation Plaintiff is due. Viewing facts in a light most favorable to the Plaintiff, the Complaint states a claim for which relief may be granted and Defendant's Motion to Dismiss regarding her second claim for relief is DENIED.

4

### b. *Statutory Penalty under C.R.S. § 8-4-109(3)*

Defendant contends that Plaintiff's claim for statutory penalties should be dismissed because the CMWA does not provide for such damages and Plaintiff is precluded from claiming any penalties under the CWCA for failure to first make a written demand for unpaid wages. The Court finds that Plaintiff's civil action for unpaid compensation and costs is not precluded for failure to make a timely written demand for payment on the Defendant, however the statutory penalty under C.R.S. §8-4-109(3) is not available.

In order for the Plaintiff to make a claim for statutory penalty provided in C.R.S. § 8-4-109(3), she must have made "a written demand for the payment within sixty days after the date of separation" and stated "in the demand where such payment can be received." The penalty is triggered when the Employer fails to mail the employee's determinable wages or compensation to the place of receipt specified in the demand for payment within 14 days after receiving the demand. C.R.S. § 8-4-109(3).

The Plaintiff does not allege that she made a written demand on the Defendant for her unpaid wages prior to filing claims with the CDOL and Denver District Court. Instead, she alleges that her Complaint serves as the written demand for payment. (Pl. Resp. 4, January 6, 2010.) C.R.S. § 8-4-109(3) specifically requires that the employee must make a written demand for payment and state where such payment can be received. Plaintiff's Complaint does not satisfy either of these requirements, in that it does not allege a specific amount due, nor does is specify where such a payment may be sent. In addition, Colorado courts have held that penalties assessable under §8-4-109(3) are for wages that are "undisputed but unpaid." *Harman v. Freeman*, 591 P.2d 1318 (1979). To date, Plaintiff disputes the amount she was compensated through CDOL by TDB's April 6, 2009 check, which was delivered after she filed her Complaint with the Denver District Court on May 26, 2009. Since Plaintiff disputes the amount of compensation due to her and she did not comply with the procedure required under C.R.S. §8-4-109(3), the Court finds that Plaintiff's claim for statutory penalties does not state a claim upon which relief may be granted and is therefore DISMISSED. *See* C.R.S. § 8-4-109(3)(d).

### c. *Plaintiff's claim for attorneys fees and costs*

The Court finds that Plaintiff's claim for attorneys' fees states a claim upon which relief may be granted. When an employee commences an action within the meaning of the CWCA seeking additional wages owed to her, if the employee prevails in that action, as the "winning party" under that claim she is entitled to an award of attorney fees relating to the prosecution of that claim. *Remote Switch Sys. v. Delangis*, 126 P.3d 269 (Colo. App. 2005)(decided under former C.R.S. §8-4-114).

5

III. **Plaintiff's claim for liquidated damages under the Federal Labor Standards Act of 1939 (FLSA)**

Defendant contends that Plaintiff's claim for liquidated damages should be dismissed because the CMWA and CWCA do not provide for such damages and Plaintiff is precluded from claiming any penalties under the act for failure to first make a written demand for unpaid wages. The Court finds that Plaintiff did not adequately plead a claim for liquidated damages under the Federal Labor Standards Act ("FLSA"), 29 U.S.C.A. § 201, *et seq*. Rather, the Plaintiff merely referred to the FLSA in her Response to Defendant's Motion to Dismiss and did not claim any relief under the statute in her Complaint. (Pl. Compl. 6; Pl. Resp. 4.)

CDOL regulations offer guidance when an employer is subject to both federal and Colorado law, declaring that the law providing greater protection or setting the higher standard applies. 7 C.C.R. 1103-1 § 22. Employees who are underpaid in violation of the FLSA minimum wage requirements have a private right of action for the underpayment, liquidated damages equal to the underpayment, attorneys' fees and costs. 29 U.S.C.A. § 216. The Colorado Court of Appeals has held that a state employee was not required to exhaust his administrative remedies under the state statute before bringing suit under the FLSA seeking to recover overtime wages. *See Laurence v. State of Colo.*, 910 P.2d 73, 74 (Colo. App. 1995)("While the administrative proceeding was pending, plaintiff filed suit in the district court, seeking to recover the same overtime wages both under ordinary contract principles and under the FLSA..."). Under the FLSA, an award of liquidated damages is mandatory except where the employer shows it acted in good faith. *See Greene v. Safeway Stores, Inc.*, 210 F.3d 1237, 1245 (10th Cir. 2000). In such a case, the court has discretion to award liquidated damages. *Greene*, 210 F.3d at 1245.

The Court does not find Defendant's assertions persuasive. Courts have held that failure on the part of an employee to assert his full rights to overtime under the FLSA, or his acceptance of compensation offered by his employer which did not include the full amount to which he was entitled under the act as overtime compensation, does not estop him from recovering such overtime compensation or liquidated damages, or both. *See Walling v. Richmond Screw Anchor Co.*, 59 F. Supp. 291 (D.C. 1945)(an employee cannot contract away his rights under the act). In addition, some states have held that the fact that an employee failed to make any demand for unpaid wages and overtime before instituting suit for additional wages was immaterial, so as not to preclude maintenance of the action under the FLSA. *See Lewis v. Nailling*, 36 F. Supp. 187 (D.C. 1940). The Court finds that Plaintiff's Complaint sets forth facts sufficient to state a claim under the FLSA, yet, Plaintiff did not adequately plead a claim under the statute. However, the Court grants Plaintiff leave to amend her complaint because there is a possibility she can provide an adequate statement of claim under the FLSA. *See Smith v. Mills*, 225 P.2d 483 (1950) (permission to amend should be given where there is possibility of adequate statement of claim).

Therefore, Defendant's Motion to Dismiss with regard to liquidated damages under the FLSA is GRANTED and Plaintiff's claims for liquidated damages are DISMISSED, without prejudice, to replead in proper form within ten (10) days of this Order.

## CONCLUSION

For the reasons set forth above, Plaintiff has standing to assert the claims for relief set forth in the Complaint. In addition, the Court finds that Plaintiff's Complaint sufficiently alleges claims upon which relief may be granted, with the exception of claims for statutory penalties under C.R.S. 8-4-109(3) of the CWCA and liquidated damages under the FLSA, 29 U.S.C.A. § 201, *et seq*. The Court grants Plaintiff leave to amend the Complaint with regard to liquidated damages under the FLSA within ten (10) days of this Order. Accordingly, Plaintiff's claims for statutory penalties and liquidated damages are DISMISSED and the remainder of Defendants' Motion to Dismiss is DENIED.

SO ORDERED this Wednesday, April 13, 2011

BY THE COURT:

Judge Norman D. Haglund
Denver District Judge