| | |
|---|---|
| DISTRICT COURT,<br>DENVER COUNTY, COLORADO<br>1427 Bannock Street<br>Denver, Colorado 80202<br><br>**PLAINTIFF:** STACY SUMMERS, on behalf of herself<br>and all similarly situated persons,<br><br>**v.**<br><br>**DEFENDANT:** TEXAS DE BRAZIL (DENVER)<br>CORPORATION, a Colorado corporation | |
| | Δ   COURT USE ONLY   Δ |
| Attorneys for Plaintiff:<br>Brian D. Gonzales, Atty. Reg. # 29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>123 North College Avenue, Suite 200<br>Fort Collins, CO 80524<br>Phone Number: 970-212-4665<br>Fax Number: 970-212-4739<br>BGonzales@ColoradoTrialLaw.com | Case Number: 09cv3147<br><br><br><br><br>Ctrm/Div: 368 |

| |
|---|
| **FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiff Stacy Summers, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this First Amended Class Action Complaint against Defendant Texas De Brazil (Denver) Corporation, a Colorado corporation ("Texas De Brazil"), as follows:

## STATEMENT OF THE CASE

1.      The federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "FLSA"), Colorado Wage Claim Act, § 8-4-101, *et seq.* (the "Wage Claim Act") and Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act") contain various rules regarding employee compensation, minimum wages and working hours. Defendant Texas De Brazil has violated these laws by failing to pay the minimum wage and overtime and by making unlawful deductions from employee pay. This action seeks compensation for all current and former Texas De Brazil employees subjected to these statutory violations.

## PARTIES, JURISDICTION, AND VENUE

2.     Ms. Summers is an individual and resident of the State of Colorado who formerly worked as a server and bartender at Texas De Brazil.

3.     Texas De Brazil is a corporation organized under the laws of the State of Colorado with its primary place of business located at 8390 East 49th Avenue, Denver, Colorado. At all times relevant to this action, Texas De Brazil has been located in and has conducted business in the State of Colorado.

4.     Venue in this Court is proper pursuant to Colo. R. Civ. P. 98 because Defendant resides in this County and the action arises out of events or circumstances that occurred in this County.  Venue also is proper pursuant to 29 U.S.C. § 216(b).

5.     This Court has jurisdiction over the parties and subject matter of this action pursuant to C.R.S. § 13-1-124 and 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

6.     Texas De Brazil, an upscale Brazilian "churrascaria", is the Denver location of a Texas-based chain with over a dozen locations in various states.  As explained in detail below, Texas De Brazil has operated in violation of state and federal law.

**A.     Minimum Wage/Tip Violations**

7.     Rather than pay the full hourly minimum wage to servers and other employees, restaurants historically have sought to offset the minimum with tips and gratuities left by restaurant patrons.  In a compromise between the interests of restaurant management and those of staff, legislators developed the concept of the "tip credit."  As the name implies, the tip credit allows restaurants to take a credit against the minimum wage for tips received by employees. Therefore, under federal and state law, restaurant management is entitled to pay a sub-minimum wage to servers and other tipped employees.  This wage is known in the industry as the "server minimum."

8.     Regardless of whether the tip credit is taken, restaurants must allow employees to keep all of their tips and may not divert tips to cover expenses.  If tips are diverted improperly, the tip credit is nullified and the diverted tips must be refunded.

9.     During her employment, Texas de Brazil improperly withheld Ms. Summer's tips – and those of other employees – to pay credit card processing fees and other expenses.  This violation nullifies Texas De Brazil's entitlement to the tip credit and renders Texas De Brazil liable to Ms. Summers and other current and former employees for paying a sub-minimum wage and for all tips diverted improperly.

2

10.     In addition to the conduct described above, Texas de Brazil otherwise misused employee tips by failing to properly inform the public about its policies.  In addition, Texas de Brazil failed to inform its employees of the tip credit as required by the FLSA.

**B.     Improper Pay Deductions**

11.     Colorado law strictly limits the deductions that employers make from employee wages.

12.     Texas De Brazil has violated the law by making improper deductions from employee pay.  Texas De Brazil improperly deducted amounts from Ms. Summers' pay to cover restaurant expenses in addition to credit card processing fees.  On information and belief, other current and former employees of Texas De Brazil also were subjected to similar improper pay deductions.

**C.     Overtime Violations**

13.     Colorado law requires employers to pay non-exempt employees "time and one half" their regular hourly rate of pay for each hour worked in excess of forty per week or twelve per day.  For tipped employees, the regular hourly rate of pay includes the tip credit.  In other words, premium pay for tipped employees is calculated at time and one-half the regular minimum wage for non-tipped employees.

14.     Texas de Brazil violated state law by calculating premium pay based on the server minimum wage as opposed to the regular minimum wage.  As a result, Ms. Summers was denied full premium pay for her overtime hours worked.  On information and belief, other current and former employees of Texas de Brazil also were denied overtime pay improperly.

<u>**CLASS ACTION ALLEGATIONS**</u>

15.     Plaintiff brings this action as a Colo. R. Civ. P. 23 class action, on behalf of herself and on behalf of a Class for which Plaintiff seeks certification.  Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER TEXAS DE BRAZIL
> EMPLOYEES: 1) FOR WHOM TEXAS DE BRAZIL TOOK
> THE TIP CREDIT; 2) WHOSE TIPS WERE DIVERTED
> IMPROPERLY; 3) WHO WERE SUBJECTED TO IMPROPER
> PAY DEDUCTIONS; AND/OR 4) WHO WERE DENIED
> OVERTIME PAY

16.     This action is properly brought as a class action for the following reasons:

a.      The Class is so numerous that joinder of all Class Members is impracticable.  Plaintiff does not know the exact size of the Class since that information is within the control of Texas De Brazil.  However, Plaintiff believes and therefore alleges that the number of Class Members exceeds sixty.

b.      Numerous questions of law and fact regarding the liability of Texas De Brazil are common to the Class and predominate over any individual issues which may exist.

c.      The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Texas De Brazil's own records.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d.      Plaintiff will fairly and adequately protect the interests of Class Members.  The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff.  Furthermore, Plaintiff is represented by experienced class action counsel.

e.      The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Texas De Brazil.

f.      The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g.      Texas De Brazil has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

17.      For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because Plaintiff's claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Texas de Brazil's common practice, policy or plan regarding employee wages and hours.

## FIRST CLAIM FOR RELIEF
### (Violation of the Colorado Minimum Wage Act, § 8-6-101, *et seq.*)

18.     Plaintiff incorporates by reference all of the above paragraphs.

19.     At all relevant times, Texas De Brazil has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.  At all relevant times, Texas De Brazil has employed, and/or continues to employ, non-exempt "employees", including Plaintiff and Class Members, within the meaning of the Minimum Wage Act.

20.     As a result of the foregoing conduct, as alleged, Texas De Brazil has violated, and continues to violate, the Minimum Wage Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

21.     As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq.*)

22.     Plaintiff incorporates by reference all of the above paragraphs.

23.     At all relevant times, Texas De Brazil has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act.  At all relevant times, Texas De Brazil has employed, and/or continues to employ, non-exempt "employees", including Plaintiff and Class Members, within the meaning of the Wage Claim Act.

24.     As a result of the foregoing conduct, as alleged, Texas De Brazil has violated, and continues to violate, the Wage Claim Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

25.     As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.  Plaintiff or her designated agent made a proper written demand for payment under C.R.S. §8-4-109(3)(a) within sixty days of the date of her separation from employment at Texas de Brazil.  Texas de Brazil failed to make a legal tender within fourteen days after Plaintiff's written demand.  Therefore, in addition to compensatory damages, Plaintiff is entitled to statutory penalties as provided in the Wage Claim Act.

## THIRD CLAIM FOR RELIE
### (Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.)

26.     Plaintiff incorporates by reference all of the above paragraphs.

27.     At all relevant times, Texas de Brazil has been, and continues to be, an "employer" within the meaning of the FLSA. Texas de Brazil is engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA. At all relevant times, on information and belief, Texas de Brazil has had gross volume of sales in excess of $500,000. At all relevant times, Texas de Brazil has employed, and/or continues to employ, non-exempt "employees," including Plaintiff and Class Members.

28.     While employed by Texas de Brazil, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

29.     As a result of the foregoing conduct, as alleged, Texas de Brazil has violated the FLSA, 29 U.S.C. § 201, *et seq*. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

30.     As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (Civil Theft)

31.     Plaintiff incorporates by reference all of the above paragraphs.

32.     Under C.R.S. §8-4-103(6), tips are the property of those employees who earn them.

33.     Texas de Brazil wrongfully diverted the tips of its employees in violation of C.R.S. §18-4-405.

34.     As a result of the foregoing conduct, as alleged, Plaintiff and Class Members have been damaged in an amount to be determined at trial. Texas de Brazil also is liable for treble damages, attorney's fees, costs and interest under C.R.S. §18-4-405.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of herself and Class Members and against Texas De Brazil as follows:

1.     Determining that the action is properly maintained as a class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as Class counsel;

2.     Ordering prompt notice of this litigation to all potential Class Members;

3.     Awarding Plaintiff and Class Members declaratory and relief as permitted by law

6

or equity;

4.      Awarding Plaintiff and Class Members their compensatory damages, attorneys' fees and litigation expenses as provided by law;

5.      Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6.      Awarding Plaintiff and Class Members liquidated damages, statutory penalties and/or treble damages as provided by law; and

7.      Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 27th day of April, 2011.

*Signed original on file at The Law Offices of Brian D. Gonzales, PLLC*

_____

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
123 North College Avenue, Suite 200
Fort Collins, Colorado  80524

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April 2011, a true and correct copy of the foregoing **FIRST AMENDED COMPLAINT** was served via LexisNexis File & Serve™ upon the following:

Charles W. Weese, Esq.
Colin L. Barnacle, Esq.
JACKSON LEWIS LLP
950 17th Street, Suite 2600
Denver, Colorado  80202

*s/Brian D. Gonzales*

_____